IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARY R. HOEFT,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

Civ. No. 6:16-cv-01928-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

On October 3, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the final decision of the Commissioner of Social Security, who denied her application for disability insurance and Supplemental Security Income. On September 1, 2017, her attorney filed a motion to withdraw, which was granted on September 6. Plaintiff was then given three weeks to notify the Court as to whether she had retained new counsel or instead intended to proceed *pro se*. In addition, the Court extended the deadline for Plaintiff to file her opening brief, from September 15, 2017, to October 31, 2017. Plaintiff did not notify the Court as to whether she retained new counsel or instead intended to proceed *pro se*, nor did she file her opening brief. Accordingly, on November 7, 2017, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. Plaintiff was provided thirty days to respond to the show cause order. Plaintiff has not responded nor communicated with the Court in any other

way. Therefore, for the reasons below, the Court recommends dismissing this action with prejudice.

## DISCUSSION

A trial court has discretion under Fed. R. Civ. P. 41(b) to dismiss an action with prejudice for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Fendler v. Westgate-Cal. Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). Before doing so, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Here, because Plaintiff has failed to respond to the Court's show cause order, the first two factors weigh in favor of dismissal. *See Knapp v. W. Mercantile Agency, Inc.*, No. 6:11-cv-6230-TC, 2012 WL 2861672, at *2 (D. Or. Jun. 8, 2012) (holding that, "[g]iven the plaintiffs' lack of response to the court's recent show cause order, both the first and second factors favor dismissal"). Next, dismissal will not prejudice Defendant; thus, the third element also favors dismissal. *Id.* Moreover, by previously issuing a show cause order informing Plaintiff of her obligations and explicitly warning her that failure to respond would result in dismissal, this Court has attempted less drastic alternatives, and the Court is not obligated to exhaust any and all such alternatives prior to dismissal. *Id.* (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). Hence, the fourth element also favors dismissal. Finally, while public policy favors the disposition of cases on the merits, *Pagtalunan*, 291 F.2d at 643, Plaintiff has failed on multiple occasions to obey court orders and to move her case forward. "[G]iven plaintiffs'

responsibility for moving their cases toward resolution, public policy favoring disposition of cases on the merits offers little support in [her] favor." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1238 (9th Cir. 2006). All five factors therefore weigh in favor of dismissal.

## RECOMMENDATION

For the reasons set forth above, the Court recommends dismissing Plaintiff's action with prejudice. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

It is SO ORDERED and DATED this 15 day of December, 2017.

MARK D. CLARKE
United States Magistrate Judge